## THOMAS MARINE v. WILLIAM STAYTON.

Court of Common Pleas. October, 1797.

*Wilson's Red Book, 142.*

---

[1] Blanks in manuscript.

PER CURIAM. BASSETT, C. J. I recollect but one case wherein this point has been stirred. That was in New Castle. There were two issues, one on plaintiff, the other on defendant. Plaintiff went on sometime before defendant acknowledged the issue, and then he claimed the conclusion, which was denied. We are of opinion where there are two issues, and the plaintiff has to begin in one first, he shall conclude at all events.

Defendant proved the lease and value of the goods distrained. Plaintiff relied upon one or two immaterial erasures and interlineations and proof that plaintiff was an unlettered man.

PER CURIAM. BASSETT, C. J. This action is founded on a distress by William Stayton for rent said to be due Mr. Stayton, and he says one year's rent was due, and he was well justified etc. Plaintiff answers, "I owed you no rent," and objects: "First, though you have shown an agreement for £5 rent per annum, I'm unlettered, and the paper was not fairly read to me. Second, though I signed the paper, you have altered it, and thereby made it a nullity." When an instrument is executed by an unlettered man, it is necessary that the paper should be read to him and fairly explained. And where there is an instrument executed, an alteration by the party to whom made will avoid it.

The rest accordant.

Verdict for plaintiff.

*Ridgely* refused to pay the jury, and the Court excused him.

*N. B.* I think it is not necessary to read an instrument to an unlettered man unless he require it. *Vide* 4 Com.Dig. 159,[1] [title] "Fait" B. 2.

---

[1] This reference is to the fourth edition, Dublin, 1793.